1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JOHN HARDNEY,                      )      NO. CV 07-6131-SVW (AGR)
                                   )
            Plaintiff,             )
                                   )
      v.                           )
                                   )      ORDER ADOPTING
F.B. HAWS, et al.,                 )      MAGISTRATE JUDGE'S
                                   )      REPORT AND
            Defendants.            )      RECOMMENDATION
                                   )
_____)

18    Pursuant to 28 U.S.C. § 636, the Court has reviewed the entire file *de*

19  *novo*, including the Second Amended Complaint ("SAC"); the Magistrate Judge's

20  Report and Recommendation ("R&R"); the Objections to the R&R filed by

21  Defendants on March 2, 2009; and the records and files.  Based upon the Court's

22  *de novo* review, the Court agrees with the recommendation of the Magistrate

23  Judge.

24        a.    **Retaliation**

25        Defendants incorrectly argue that the Magistrate Judge failed to address

26  whether Plaintiff pled the fifth element of retaliation, namely that "the action did

27  not reasonably advance a legitimate correctional goal."  (Objections at 2-3.)  The

28  R&R states:  "[A]ssuming that Kimbrough's accusations are in fact false . . . the

1    complaint sufficiently alleges that they did not advance any legitimate correctional
2    goal." (R&R at 11.)

3         Defendants also argue that false accusations against a prisoner,
4    placement in administrative segregation, and failure to investigate a prisoner's
5    complaints cannot form the basis of a retaliation claim because a prisoner has no
6    constitutional right to be free from false accusations or administrative
7    segregation, or to have his complaints investigated.[1] (Objections at 3-6.)

8         The Ninth Circuit has rejected Defendants' argument.  In *Hines v. Gomez*,
9    108 F.3d 265 (9th Cir. 1997), the Court held that "prisoners may still base
10   retaliation claims on harms that would not raise due process concerns." *Id.* at
11   269 (addressing allegation that false charges against prisoner were made in
12   retaliation for exercise of First Amendment rights).  The Ninth Circuit reaffirmed
13   that holding in *Austin v. Terhune*, 367 F.3d 1167, 1171 (9th Cir. 2004).  In *Austin*,
14   the Court reversed dismissal of a retaliation claim alleging that the prisoner was
15   placed in administrative segregation as a result of false charges made in
16   retaliation for filing grievances.  *Id.*  The Objections do not cite or distinguish
17   these cases, and are overruled.

18        **b.    Inadequate Medical Care**

19        Plaintiff alleges that on January 24, 2007, after the alleged attack by
20   Defendants Zaragoza and Wood, Defendants Contreras and Buendia "did
21   absolutely nothing to treat Plaintiff's injuries and refused to document his injuries
22   and how he had received the injuries." (SAC at 14-15.)  Plaintiff also alleges that
23   on March 27, 2007, Defendant Buendia refused to provide him with his
24   medications.  (*Id.* ¶ 10.)

25        The Objections impermissibly ignore the first allegation of inadequate
26

27        [1]  As the R&R points out, Plaintiff does not make freestanding
28   constitutional claims concerning false allegations, placement in administrative
     segregation or failure to investigate his complaints.  (R&R at 11-12 & n.5.)

1   medical care and, therefore, argue that the second allegation constituted an

2   "isolated incident of neglect." (Objections at 6-7.) As to the second allegation,

3   Plaintiff alleges deliberate indifference, not neglect. Plaintiff alleges that Buendia

4   denied him medications saying "I heard about you and MTA Kimbrough, I'm going

5   to say you refused your medications and was sexually inappropriate." (SAC ¶

6   10.)

7          To overcome the Plaintiff's allegations, the Objections argue that the court

8   should accept as true the grievance documents attached to the complaint. In

9   general, exhibits attached to a complaint may be considered on a motion to

10   dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *See United States v. Ritchie*, 342

11   F.3d 903, 908 (9th Cir. 2003). In the context of prisoner civil rights, however, the

12   Central District of California's form complaint used by Plaintiff requests that a

13   prisoner "attach copies of papers related to the grievance procedure" for

14   purposes of exhaustion of administrative remedies.[2] (SAC at 2.) The SAC cites

15   to the grievance documents to demonstrate that Plaintiff exhausted his remedies

16   and put Defendants on notice of his complaints. (SAC, attachment at 1, 18 (index

17   of "state remedies exhausted".) Under these circumstances, and in light of

18   Plaintiff's *pro se* status, this court declines to accept the truth of the matters

19   asserted in exhibits related to exhaustion of remedies for purposes of analyzing

20   Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

21          **c.   <u>Qualified Immunity</u>**

22          To the extent the Objections argue that Defendants are entitled to qualified

23   immunity because a prisoner has no constitutional right to be free from false

24   accusations, the argument has no merit as discussed above. (Objections at 9.)

25   _____

26          [2] Although a court may consider matters outside the complaint in
     adjudicating an unenumerated Rule 12(b) motion based on the affirmative
27   defense of failure to exhaust remedies (R&R at 6), the same is not true on a
     motion to dismiss. *Anderson v. Angelone*, 86 F.3d 932, 934 (9th Cir. 1996)
28   (motion to dismiss must be treated as motion for summary judgment if materials
     outside the pleadings are considered).

1    Defendants further argue that they are entitled to qualified immunity for
2  Plaintiff's excessive force claims.  (*Id.* at 9-10.)  Plaintiff alleges excessive force
3  claims against Zaragoza, Wood, Plascencia and Fernandez.  (R&R at 5.)  Plaintiff
4  alleges that, on January 24, 2007, Zaragoza grabbed Plaintiff by the hair and
5  slammed his head against the wall.  When Plaintiff regained consciousness,
6  Zaragoza was still pressing against Plaintiff's back and neck while Wood held
7  Plaintiff's legs and feet to the ground.  (*Id.* at 3.)  Plaintiff alleges that, on July 25,
8  2007, Plascencia threw a tray of food in Plaintiff's face and Fernandez sprayed a
9  burning chemical on Plaintiff's body.  (*Id.* at 4.)  Plaintiff alleges that, in each
10  incident, force was used for no reason.

11    Defendants argue that they are entitled to qualified immunity based on the
12  Department of Corrections policy governing use of force.  The regulation defines
13  excessive force as "[t]he use of more force than is objectively reasonable to
14  accomplish a lawful purpose," and defines unnecessary force as "[t]he use of
15  force when none is required or appropriate."  15 Cal. Code Regs. § 3268(a)(2)-
16  (3).  The regulation further states that "[e]mployees may use reasonable force as
17  required in the performance of their duties, but unnecessary or excessive force
18  shall not be used."  *Id.* § 3268(b).

19    The objections concede that the regulation is not dispositive.  (Objections
20  at 10.)  Moreover, Defendants make no showing that the regulation permits the
21  use of unprovoked force.  (*Id.* at 9.)  The Objections are overruled.

22    IT IS HEREBY ORDERED that (1) the Report and Recommendation is
23  adopted; (2) Defendants' unenumerated Rule 12(b) motion based on failure to
24  exhaust remedies is denied; and (3) Defendants' motion to dismiss for failure to
25  state a claim is denied.

26
27  DATED: May 6, 2009                    _____
28                                           STEPHEN V. WILSON
                                            United States District Judge

4